John E. Lang Pottawatomie County Counselor County Office Building P.O. Box 107 Westmoreland, Kansas 66549
Dear Mr. Lang:
You request our opinion regarding the status of a regional library for purposes of the aggregate tax levy limitations statutes, K.S.A. 79-5021 etseq., and having an employee benefits contribution fund established for it under K.S.A. 12-16,102.
Your first question has been addressed by Attorney General Opinion No. 89-129. That opinion recognized the authority of a regional library created under K.S.A. 12-1231 et seq. to exempt itself from the aggregate tax levy limitations imposed by K.S.A. 79-5021 et seq. This conclusion is consistent with those reached in Attorney General Opinions No. 87-167 and 89-130. In both instances it was determined that the term "taxing subdivision," as used in K.S.A. 79-5036(c) for purposes of exempting out of the aggregate tax levy limitations of K.S.A. 79-5021 et seq., includes an entity that "can mandatorily require a city, county or township to levy a tax for library purposes." Regional libraries have the authority pursuant to K.S.A. 12-1234 to require the counties or townships in which they are located to levy a tax in an amount determined by the regional library for library purposes.[1]
You also inquire whether a regional library is a "political subdivision" for purposes of having an employee benefits contribution fund created for it pursuant to K.S.A. 12-16,102. That statute provides that "[a]ny taxing subdivision may create and establish employee benefits contribution funds for (1) the taxing subdivision or (2) any political subdivision for which a tax is levied by such taxing subdivision for the purpose of paying the employer's share of any employee benefits, . . . as may be prescribed in the ordinance or resolution of the governing body creating such funds." Clearly a county is a "taxing subdivision" as defined in K.S.A. 12-16,102(a). It is also clear that a county may levy a tax for regional library purposes.[2] The only question, then, is whether a regional library is a "political subdivision" for purposes of this statute. Attorney General Opinion No. 82-136 concluded that "[t]he board of directors of a public library established and maintained under the provisions of K.S.A. 1981 Supp. 12-1220 is not authorized, under subsection (c) of K.S.A. 1981 Supp. 12-16,102, to levy a tax for an employee benefits contribution fund." At the time this opinion was written, K.S.A. 12-16,102 allowed only certain designated taxing subdivisions and political subdivisions "having authority to levy taxes" to create and establish employee benefits contribution funds and only for the employees of such subdivisions.[3] A library created under K.S.A.12-1220 could not create a benefits fund under this provision because it does not have the authority to levy taxes. In 1983 K.S.A. 12-16,102 was amended to allow those same designated taxing subdivisions and political subdivisions having authority to levy taxes to create and establish employee benefits contribution funds for "any political subdivision for which a tax is levied by such taxing subdivision"[4] as well as for themselves. The term "political subdivision" as used in this new language is not limited to those political subdivisions that can themselves levy taxes. Thus Attorney General Opinion No. 82-136 is no longer dispositive of the issue. [Attorney General Opinion No. 82-136 implies that a public library can never be a political subdivision. There is no support cited for that conclusion, however, and we believe the weight of authority is to the contrary.]
The term "political subdivision" is not defined for purposes of K.S.A. 12-16,102. While it is defined elsewhere in the Kansas Statutes Annotated, the definitions differ depending on the context in which the term is used.[5] Generally it is used "as a reference to a subordinate governmental entity which exists for the purpose of discharging some function of local government within a prescribed territory and which has a governing body possessed of prescribed powers of self-government."[6]
A regional library is a governmental entity, created by statute and funded by public moneys, which serves a public purpose in a prescribed territory under the direction of a governing body having powers of self-government.[7] Thus, a regional library meets the general definition of a political subdivision. A county or other taxing subdivision may therefore create an employee benefits contribution fund for a regional library pursuant to K.S.A. 12-16,102.[8]
In conclusion, a regional library created pursuant to K.S.A. 12-1231 etseq. is a taxing subdivision for purposes of exempting itself from the tax lid law pursuant to K.S.A. 79-5036(c), and a political subdivision for purposes of having an employee benefits contribution fund established for it pursuant to K.S.A. 12-16,102.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] K.S.A. 12-1234.
[2] Id.
[3] L. 1979, Ch. 52, § 48.
[4] L. 1983, Ch. 65, § 1.
[5] See Attorney General Opinion No. 97-42 for a list of statutes defining the term.
[6] Attorney General Opinion No. 82-71. See also Attorney General Opinions No. 97-42, 95-67 and 86-31.
[7] K.S.A. 12-1231; 12-1232; 12-1233; 12-1234.
[8] See Attorney General Opinion No. 89-50.